## YORK *v.* CHILTON.

In an action for damages for an illegal arrest, if no probable cause be shown for the arrest, malice on the part of the person at whose instance it was made will be presumed.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Frost* and *J. Barker*, for the appellant. *Winthrop*, for the defendant. The judgment of the court was pronounced by

EUSTIS, C. J. This is an action by the plaintiff, who was the master of the british barque Aldebaran, against the defendant, growing out of the alleged agency of the defendant in removing the plaintiff from his command, in the port of New Orleans, in the month of April, 1845. The plaintiff claims ten thousand dollars damages. There was a general verdict for the defendant, and the plaintiff has appealed. The case stands before us for consideration, under certain bills of exception taken to the rejection of evidence offered on the trial of the cause.

The district judge was of opinion that certain points of law which this case presented, had been determined by this court in the case of *Barker* v. *York*, 3 An. Rep. 90, and acted upon this construction of our decision in his refusal to admit the evidence. That suit was instituted by *Barker*, an attorney and counsellor at law, against the owners of the barque Aldebaran, for professional

YORK
*r.*
CHILTON.

services alleged to have been rendered to them on the removal of captain *York* from the command of the Aldebaran. We came to the conclusion, that the services alleged to have been rendered to the owners were not proved, and affirmed the verdict of the jury, which was for the defendant. The claims of the plaintiff for damages against the present defendant, we consider entirely unaffected by anything decided in the suit of *Barker;* and that all the questions both of law and fact are open for enquiry.

We are not at all surprised at the error into which our learned brother has, we think, fallen, when we consider the manner in which these cases have both been presented, as appears by the records; and the only mode by which any legal principles can be properly applied to this case is, by leaving entirely out of view everything which is irrelevant to it, and placing the causes of action of the plaintiff in legal and proper form. We suppose they may be reduced to these heads: The acts of the defendant, in depriving the plaintiff of the possession, custody and command of the Aldebaran, and his confederating with others for that purpose, depriving him of certain articles of personal property, interfering with his authority as master, and exciting the crew of the vessel to disobedience and mutiny, slandering and calumniating him, injuring him by these acts, and imparing his standing as a shipmaster and his character as a man, and causing him to be arrested and imprisoned under the process of the recorder of the Third Municipality. These appear to be the substance of the injuries for which the plaintiff seeks redress from the defendant; they are charged in the petition with sufficient forms of aggravation and wrong to cover almost any evidence that can support them. No exception has been taken to their cumulation in the same action, nor to the manner in which they are charged. On reducing the defendant's pleas and answers to their legal form, they may be considered as tendering the general issue, and a justification of the acts of the defendant, under the authority of the District Court of the United States, of her Britannic Majesty's consul in New Orleans, and of the owners of the barque Aldebaran, and as alleging gross misconduct on the part of the plaintiff in the command of the barque, thereby endangering the safety and the interest of the owners.

The district judge confined the evidence of the plaintiff to the taking of a chronometer, alleged to belong to the defendant, and to the false imprisonment charged in the petition; considering all the other matters as being disposed of by this court in the case of *Barker*, and by the decision of the district court of the United States on a libel filed by the defendant against the barque Aldebaran. We are of opinion that the court erred in so restricting the plaintiff's evidence, and that all relevant testimony, under the issues as stated, ought to have been received, and was not precluded by the decision in those cases. In relation to the proper testimony to be received under them, we have no reason to believe that any difference of opinion can exist between this court and the district court; and therefore consider that there is no necessity of going into details in relation to it. We can state, however, in general terms, that the depositions of the witnesses offered, and the record of the suit in the district court of the United States, ought to be admitted in evidence; and that the sailing orders to the plaintiff are not inadmissible. The same may be said of the bills of lading offered. The admission of both may be proper, at a certain stage of the cause. The bill of parcels for the chronometer offered by the defendant, not having been proved, we consider ought not to have been received in evidence.

There is a bill of exceptions to the charge of the judge, in relation to the *r*-

rest of the plaintiff, at the instance of the defendant, under process from the recorder's court. We think the judge in this case ought to charge the jury that, if there appear no probable cause for the arrest of the plaintiff, there is a presumption of malice on the part of the person at whose instance it was made.

We are not aware 'of anything else in this case which requires our attention, and remand it with the hope that it may be closed by the judicious verdict of a jury, whose peculiar province it is to terminate questions of damages of this nature.

It is therefore decreed that the judgment of the District Court be reversed, and the case remanded for a new trial, with directions to the judge to act on the matters embraced in this opinion as therein laid down; and it is further ordered that the appellee pay the costs of this appeal.